UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN SANCHEZ,<br>    Plaintiff,<br>    v.<br>HOMESTEAD FUNDING CORP., et al.<br>    Defendants. | No. 3:13-cv-01850 (MPS) |

**MEMORANDUM OF DECISION**

This action, which arises out of Plaintiff Martin Sanchez's attempts to oppose foreclosure, was removed to federal court by Defendant Governmental National Mortgage Association ("Ginnie Mae"), which has moved to dismiss all of the claims based on lack of subject matter jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. # 17.) Because I find that there is no basis to assert subject matter jurisdiction over Ginnie Mae, I GRANT Ginnie Mae's Motion to Dismiss and do not consider Ginnie Mae's alternative argument for dismissal based on failure to state a claim

**Background**

Plaintiff, who is now represented by counsel, filed his Complaint *pro se* in Connecticut Superior Court on October 30, 2013. (Dkt. # 1-2.) On December 13, 2013, Ginnie Mae removed the matter to this Court. (Dkt. # 1.) Ginnie Mae filed a Motion to Dismiss the case on January 21, 2014. (Dkt. # 17.) I granted Ginnie Mae's request to stay discovery pending the outcome of its motion. (Dkt. # 30.)

On February 28, 2001, Plaintiff obtained a mortgage loan from Defendant Homestead Funding Corp. ("Homestead") for $178,500 (the "Note"), secured by a Deed of Trust on his residence located at 33 Hillside Ave. in Danbury, CT (the "Property"). (*See* Compl. at ¶ 27.) The gravamen of the Complaint is that Plaintiff's mortgage was repackaged and securitized as

part of a pool of loans in a manner that was improper, thereby preventing any of the named defendants from foreclosing on Plaintiff's mortgage.[1] (*See* Compl. at ¶¶ 13, 55.)  Plaintiff asks the Court to "Quiet Title to the property in Plaintiffs [sic] name." (*Id*. at ¶ 13.)  Plaintiff also brings tort claims against Defendants, including fraud and intentional infliction of emotional distress, and claims for violations of the Truth in Lending Act, Home Ownership and Equity Protection Act, and Real Estate Settlement Procedures Act, arising out of the original mortgage origination.  (*See* Compl. at ¶ 14.)

## Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. . . . A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity.  The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction . . . ." *Presidential Gardens Associates v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999).

"[P]leadings of a *pro se* plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  "[W]hile [I] must accept all

---

[1] "In a mortgage securitization, mortgage lenders – also known as originators – sell mortgages to third-party financial institutions.  The financial institutions then securitize the mortgages by pooling them together, depositing them in a trust, and selling interests in the trusts to investors in the form of MBS [(mortgage-backed security)].  Servicers of the loans receive the principal and interest payments on the mortgages from the borrowers, and convey those payments to the holders of the MBS, minus a service fee." *In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*, No. 9-cv-2137, 2010 WL 3239430, at *2 (S.D.N.Y. Aug. 17, 2010).

factual allegations in a complaint as true when adjudicating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), . . . in adjudicating a motion to dismiss for lack of subject-matter jurisdiction, a district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

## Discussion

Ginnie Mae is a corporation that is wholly owned by the United States within the Department of Housing and Urban Development ("HUD"). 12 U.S.C. § 1717(a)(2)(A). All of the "benefits and burdens" of Ginnie Mae's operations "inure solely to the Secretary of the Treasury," *id.* § 1722, and all of Ginnie Mae's powers and duties are "vested in the Secretary of Housing and Urban Development and . . . administered under the direction of the Secretary," *id.* § 1723(a). Ginnie Mae therefore has the status of a federal agency. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 714 n.9 (2d Cir. 2013) (internal quotation marks and citation omitted) ("As securities issued by a federal agency, Ginnie Mae securities carry the full faith and credit of the United States."); *Gov't Nat. Mortgage Ass'n v. Terry*, 608 F.2d 614, 615 (5th Cir. 1979) ("Ginnie Mae is an agency within the meaning of [28 U.S.C. §] 1345 [United States as plaintiff]."); *Channer v. Loan Care Serv. Ctr., Inc.*, No. 11-cv-135, 2011 WL 2437270, at *1 (D. Conn. June 14, 2011) ("Federal jurisdiction is conferred here because [Plaintiff] has sued Ginnie Mae, among others. Under 28 U.S.C. § 1442(a)(1), when a United States agency is sued in state court for an action committed in its official capacity, that agency may remove the action . . . ."). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

I.      **Contract Claims**

To the extent that Plaintiff's claims, such as rescission (Compl. ¶ 133), sound in contract, they are dismissed as to Ginnie Mae due to lack of privity. The Tucker Act, 28 U.S.C. § 1491(a), provides that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." The Tucker Act "waives sovereign immunity as to contract claims against the United States." *Presidential Gardens*, 175 F.3d at 141. "Any agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the Government, specifically: mutual intent to contract including an offer and acceptance, consideration, and a Government representative who had actual authority to bind the Government." *Id*.

One requirement for bringing a contract claim under the Tucker Act is that the plaintiff and the United States be in privity with each other. *See, e.g., Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998) (citations omitted) ("[T]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government. In other words, there must be privity of contract between the plaintiff and the United States."); *Erickson Air Crane Co. of Washington, Inc. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract . . . ."); *Cent. Freight Lines, Inc. v. United States*, 87 Fed. Cl. 104, 108 (Fed. Cl. 2009) ("Privity between the plaintiff and the government is a jurisdictional prerequisite for a contract claim because the government consents to be sued only by those with whom it has privity of contract."). The Little Tucker Act, 28 U.S.C. § 1346(a)(2), which gives district courts

concurrent jurisdiction over contract claims against the United States for amounts in controversy less than $10,000, also requires a plaintiff to be in privity with the government. *See Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, 967 F. Supp. 2d 1164, 1171 (S.D. Ohio 2013) (Little Tucker Act inapplicable where plaintiff failed to show privity with the United States).

Plaintiff fails to allege that he is in privity with Ginnie Mae, and he does not allege any facts that raise an inference of the existence of privity.[2]  As a result, Plaintiff cannot maintain any contract-based claims against Ginnie Mae.

## II.     Tort Claims

In his opposition to the motion to dismiss, submitted through counsel, Plaintiff argues that all of his claims "are grounded in tort" and that "the jurisdiction of this Court is determined by reference to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) . . . ."  (Dkt. # 20 at 2.)  That statute "confers federal-court jurisdiction in a defined category of cases involving negligence committed by federal employees in the course of their employment." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (construing 28 U.S.C. § 1345(b)(1)).  Under 28 U.S.C. § 1674, the Federal Tort Claims Act ("FTCA"), provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."  The FTCA therefore provides a limited waiver of the government's sovereign immunity. *See U.S. v. Orleans*, 425 U.S. 807, 813 (1976).

---

[2] Nor does Plaintiff allege that he is an intended third-party beneficiary to a contract with the government, an exception to the privity rule required by the Tucker Act. *See First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999) ("[D]espite lack of privity, we have held that suits may be brought against the government in the Court of Federal Claims by an intended third-party beneficiary . . . .")

The FTCA mandates that no lawsuit may be brought under the Act "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). The Supreme Court has determined that this language is "unambiguous" and that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 111, 113 (1993); *see also Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) ("courts are required to strictly enforce statutory exhaustion requirements"). The exhaustion of administrative remedies is therefore a jurisdictional prerequisite. *Kramer v. Sec'y, U.S. Dep't of The Army*, 623 F. Supp. 505, 510 (E.D.N.Y. 1985).

Plaintiff has failed to allege or otherwise demonstrate that he has exhausted his administrative remedies. (*See* Compl.; *see also* Culpepper Decl. at ¶ 3 (search of HUD files revealed no claim for injury or damages made by Plaintiff).) As a result, he cannot maintain any torts-based claims against Ginnie Mae.

## **Conclusion**

For the reasons stated above, the Court lacks subject matter jurisdiction as to the claims asserted against Ginnie Mae. Ginnie Mae's Motion to Dismiss is therefore GRANTED.

Federal Rule of Civil Procedure 4(m) directs that if service of the summons and Complaint is not made upon a defendant within 120 days after the filing of the Complaint, the action may be dismissed without prejudice after notice to the Plaintiff. More than 120 days have passed since the Complaint was filed and removed to federal court. Plaintiff is hereby given notice that if he does not file proof of service by **September 2, 2014**, the case will be dismissed as to Defendant Nationwide Home Mortgage and any other Defendants who have not yet been served.

Defendant Homestead Funding Corp., which has been served, shall file a response to Plaintiff's Complaint by **September 2, 2014**. If it fails to do so, then, by **September 12, 2014**, Plaintiff shall file a motion for entry of default under Federal Rule of Civil Procedure 55 or show cause why the case should not be dismissed as to Defendant Homestead Funding Corp. for failure to prosecute under Rule 41(b). Discovery in this action may proceed forthwith.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         August 19, 2014