UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTIN SANCHEZ, | : | No. 3:13-cv-01850 (MPS) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOMESTEAD FUNDING CORP. et al., | : | |
|     Defendants. | : | July 23, 2015 |

_____

## MEMORANDUM OF DECISION

### I.   Introduction

Plaintiff Martin Sanchez ("Sanchez") originally filed his complaint in Connecticut Superior Court on October 30, 2013, alleging that the defendants wrongfully foreclosed on his property, committed fraud in connection with his loan agreement, intentionally inflicted emotional distress on him, slandered his title to the land, and violated federal loan regulations, and he seeks to recover damages, restitution, and attorney's fees, to rescind the loan, and/or to quiet title to the property. On December 13, 2013, defendant Government National Mortgage Association removed the case to this Court under 28 U.S.C. § 1442 (federal agency/officer defendant removal) and 28 U.S.C. § 1444 (removal for actions affecting property on which the United States has a mortgage), and was later dismissed from the case on August 19, 2014, when the Court granted its motion to dismiss. On September 8, 2014, defendant Homestead Funding Corporation was dismissed by stipulation. On June 29, 2015, having given the plaintiff notice on August 19, 2014, the Court dismissed several fictitiously named defendants (an "Unknown Sponsor," an "Unknown Depositor," and "Does 1 through 100") because the plaintiff had not filed any proof of service as to those defendants.

Remaining in the case is defendant Nationwide Home Mortgage Company ("Nationwide"). Pending before the Court is Nationwide's motion to dismiss for insufficient service of process. For the reasons set forth herein, the Court grants Nationwide's motion, dismissing the case as to Nationwide without prejudice.

## II.      Legal Standard

"A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules." *Baltayan v. Tito*, No. 3:10-CV-1327 CFD, 2011 WL 2982315, at *3 (D. Conn. July 21, 2011). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Id.* "[A] district court has considerable procedural leeway" in deciding the motion. *Perez v. Connecticut Dep't of Correction Parole Div.*, No. 3:13-CV-150 JCH, 2013 WL 4760955, at *2 (D. Conn. Sept. 4, 2013). "Where a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *Id.* (quotation marks omitted). "A plaintiff can make this showing through his own affidavits and supporting materials containing an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendants." *Id.* (same).

## III.     Discussion

Nationwide has challenged the validity of service. It is therefore Sanchez's burden to prove that service was adequate. For the reasons that follow, the Court finds that Sanchez has failed to meet his burden.

Under Rule 4, a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h)(1)(B), or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1).[1]

Under Connecticut law, "[i]n actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located." Conn. Gen. Stat. § 52-57(c). A plaintiff also may make service upon a foreign corporation "by leaving a true and attested copy of the process, notice or demand with" "[t]he registered agent of a foreign corporation authorized to transact business in this state." Conn. Gen. Stat. § 33-929(a); *see also id.* § 33-926 (setting forth the requirements for a foreign corporation to register an in-state agent). In addition, "[a] foreign corporation may be served . . . by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office shown in its application for a certificate of authority or in its most recent annual report if the foreign corporation: (1) Has no registered agent or its registered agent cannot with reasonable diligence be served; (2) has

---

[1] These same rules apply even though the case was removed from state court. 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.").

withdrawn from transacting business in this state under section 33-932; or (3) has had its certificate of authority revoked under section 33-936." *Id.* § 33-929(b).

In Iowa, where Sanchez attempted to serve Nationwide, Fed. R. Civ. P. 4(e)(1) ("following state law . . . where service is made"), "[o]riginal notices" "are 'served' by delivering a copy to the proper person," which in the case of a corporation means "any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice." Iowa R. Civ. P. 1.305. A plaintiff also may make service upon a corporation's in-state "registered agent." Iowa Code § 490.504; *see also id.* § 490.501 (requiring corporations to register an in-state agent). "If a corporation has no registered agent, or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office." *Id.* § 490.504.

Sanchez has filed a document, dated November 14, 2013, signed by a state marshal attesting that "I made service of the within and foregoing original Writ, Summons and Complaint, Plaintiff's Petition, Unsigned Order, Verifications, Lis Pendens, et al . . . Upon: Nationwide Home Mortgage Company by mailing a true and attested copy in a letter addressed to: Secretary-Nationwide Home Mortgage Company 4546 Corporate Drive, Suite 100, West Des Moines, IA 50266-5911 certified return receipt requested, pursuant to CGS:33-929."

The marshal's affidavit, which discusses only service by mail, does not purport to establish "deliver[y of] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or any other form of personal delivery. *See Petrolito v. 1st Nat'l Credit Servs. Corp.*, No. CIV.A. 3:03CV1085CFD, 2005 WL 331741, at *1 n.2 (D. Conn.

Feb. 2, 2005) ("Plaintiffs have not argued that service was sufficient under that portion of Rule 4(h)(1), most likely because it requires personal delivery to the agent or officer, and the return of service reflects it was mailed."). Sanchez therefore must establish that, in serving Nationwide by certified mail, he complied with Conn. Gen. Stat. § 33-929(b) or Iowa Code § 490.504.

Even ignoring Nationwide's factual claims and requiring only a prima facie showing at this stage, the Court finds inadequate proof of service. The complaint contains no allegations suggesting that the address that the marshal used (4546 Corporate Drive, Suite 100, West Des Moines, IA 50266-5911) is Nationwide's "principal office." And despite being given ample opportunity to respond to Nationwide's motion—which was filed more than six months ago—and having been notified more recently that the Court would take up the motion and would consider any opposition filed by July 20, 2015, *see* ECF No. 49, Sanchez has made no supplemental submissions that, "if credited . . . , would suffice to establish jurisdiction over the defendant[]." *Perez*, 2013 WL 4760955, at *2. There is therefore no basis to conclude that 4546 Corporate Drive was a proper address for service by mail under Connecticut or Iowa law, or that there was no registered agent, or that the registered agent could not with reasonable diligence be served, or otherwise that service by mail was proper at all. *See Currin v. Nat'l N.A.A.C.P.*, No. HHDCV135037374S, 2014 WL 1814109, at *2 (Conn. Super. Apr. 3, 2014) ("General Statutes § 33–929(b) only permits service by mail for a foreign corporation when there is no registered agent or the registered agent 'cannot with reasonable diligence be served . . . .'").

### IV.    Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF No. 46) is GRANTED, and the case is DISMISSED without prejudice as to defendant Nationwide Home Mortgage Company.

The Motion to Amend (ECF No. 51) is DENIED AS MOOT. The Clerk is directed to close this case.

**SO ORDERED** this 23rd day of July 2015 at Hartford, Connecticut.

                                                              /s/
                                          Michael P. Shea
                                          United States District Judge